**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**DOUGLAS BENEDICT,**

       **Plaintiff,**                   **CIVIL ACTION NO. 11-CV-14851**

     **vs.**                            **DISTRICT JUDGE PATRICK J. DUGGAN**

                                          **MAGISTRATE JUDGE MONA K. MAJZOUB**

**DEBORAH L. FOSTER, JEFF
DREFKE, JOHN WOODARD, JANE
DOE, and JOHN DOE, in their individual
and official capacities, jointly.**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Douglas Benedict, currently a prisoner at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed this action under 42 U.S.C. §§ 1983 and 1988[1] against two prison librarians, Foster and Drefke; his Assistant Residential Unit Supervisor, Woodard; and several John and Jane Doe Defendants[2] in their individual and official capacities for allegedly violating his right of access to the courts.[3] (Docket no. 1; *see also* docket no. 12.) Plaintiff seeks monetary damages

---

[1] The Court originally determined that Plaintiff had made allegations under the Eighth Amendment and 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, and 1988. (Docket no. 12 at 1.) Plaintiff's claims under the Eight Amendment and §§ 1981, 1985(3), and 1986 have previously been dismissed. (Docket no. 12 at 7.)

[2] Plaintiff also included claims against the prison Warden (P. Klee) and the prison Director (Daniel Heyns) in his Complaint; Plaintiff's claims against Warden Klee and Director Heyns have previously been dismissed. (Docket no. 12 at 1-2.)

[3] In his Complaint, Plaintiff also included an allegation that he had been unable to order personal hygiene items in violation of his Eighth Amendment rights; the Court dismissed this claim in its entirety. (Docket no. 12 at 6.)

in the amount of $25,000 in compensatory damages, $50,000 in punitive damages, and $50,000 in exemplary damages against each defendant on every count.[4] (Docket no. 1 at 21.) Before the Court is Defendants' Motion for Dismissal under Fed. R. Civ. P. 12(b). (Docket no. 26.) Plaintiff filed a "Motion Pleading Special Matters" (docket no. 28) and a "Motion in Opposition Affidavit" (docket no. 34), both of which appear to be responses to Defendants' Motion. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 22.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[5]

## I. Recommendation

For the reasons that follow, the Court recommends granting Defendants Motion for Dismissal (docket no. 26). Because the Court recommends doing so, it further recommends denying as moot Plaintiff's outstanding motions (docket nos. 20, 25, 27, 29, 31, 32, 28, 34 and 38). The Court, therefore, recommends dismissing this case in its entirety.

## II. Report

### A. Facts

On March 31, 2009, Plaintiff was sentenced to 1 to 15 years in prison for Larceny in a Building in violation of M.C.L. § 750.360 and Resisting a Police Officer in violation of M.C.L. § 750.81D1; he was turned over to the Michigan Department of Corrections. (*See* docket no. 1 at 2.) Plaintiff was paroled on February 24, 2010, for a term of 18 months. (Docket no. 1 ¶8.) On January

---

[4]Plaintiff also requested injunctive relief as part of his Complaint. (Docket no. 1 at 21.) The district judge denied Plaintiff's request as moot because, at the time the Court reviewed Plaintiff's Complaint in February 2012, Plaintiff had been released from the Gus Harrison Correctional Facility on parole. (Docket no. 12 at 7.)

[5]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

31, 2011, Plaintiff's parole was revoked, and sometime in June 2011, he was sent to the Gus Harrison Correctional Facility in Adrian, Michigan. (Docket no. 1 ¶¶ 12, 23.)

During his incarceration, Plaintiff attempted to file an Appeal and a Petition for Writ of Habeas Corpus. (*Id.* ¶¶ 21, 32.) Plaintiff claims that his right to adequate, effective, and meaningful access to the courts with regard to his Appeal and Petition was violated when:

- prison officials would not allow him to send his Petition to the Warden (the defendant in the Petition) via certified mail, which is required under M.C.R. 3.303 (docket no. 1 ¶ 21);

- on June 11, 2011, Defendant Drefke refused to copy Plaintiff's grievances to send to the Mental Health Rights because Defendant Drefke determined that the grievances were not "exhibits" (*id.* ¶ 28);

- Defendant Woodard refused to copy the same grievances (*id.* ¶ 29.)

- Defendant Foster refused to copy the same grievances when Plaintiff wanted to send them to American Friends Service Committee because she determined that the grievances were not legal documents (*id.* ¶ 30.);

- Defendants Drefke and Foster told Plaintiff that he had to use carbon paper for his pleadings (which Plaintiff claims will only produce two legible copies) and that if he required more copies than the carbon paper would produce, he would have to re-write the pleadings by hand (*id.* ¶ 31.);

- on September 22, 2011, Defendant Drefke reviewed/screened Plaintiff's Appeal and Petition for approval when Plaintiff requested copies of exhibits (*id.* ¶ 27, 32);

- on September 22, 2011, Plaintiff was forced to sit on the floor of the library to

3

address envelopes (which Plaintiff claims could cause him to contract AIDS or hepatitis because he has no spleen) (*id.* ¶¶ 33-34);

- on September 22, 2011, Defendant Woodard refused to notarize Plaintiff's Affidavit Regarding Suspension of Fees and Costs (*id.* ¶ 35);

- on September 26, 2011, Defendant Woodard refused to send a copy of Plaintiff's Petition via certified mail (*id.* ¶ 36);

- on October 6, 2011, Defendants Drefke and Foster refused to provide Plaintiff with summons forms for Plaintiff's Petition and Appeal (*id.* ¶ 40);

- on October 8, 2011; Defendant Drefke refused to notarize Plaintiff's pleadings and refused to provide copies of exhibits that Plaintiff intended to include with his Petition (*id* ¶ 42);

- on October 13, 2011, Defendant Woodard agreed to send out a copies of Plaintiff's Petition and Appeal to a parole board member, but on October 14, 2011, the mail was returned as "Non Sufficient Funds"–Defendant Woodard sent the copies again on October 18, 2011 (*id.* ¶ 43, 45, 46); and

- on October 18, 2011, Plaintiff had a personal letter returned to him as "Non Sufficient Funds" (*id.* ¶ 47).

Defendants now bring their Motion for Dismissal claiming that (1) Plaintiff has failed to state a valid claim for relief, (2) Defendants are entitled to Sovereign Immunity; and (3) Plaintiff's claim for injunctive relief is moot.[6] (Docket no. 26.)

---

[6]After the Court originally denied Plaintiff's request for injunctive relief as moot, Plaintiff violated his parole and was sent to the Charles Egler Facility in Jackson, Michigan. (*See* docket no. 28 at 4.) Defendants now argue that Plaintiff's request for injunctive relief is

### B.      Standards of review

#### 1.      Motion to dismiss standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific

---

still moot because he is not incarcerated at the facility where the allegations arose. (Docket no. 26 at 7.) After Defendants filed their Motion for Dismissal, however, Plaintiff was sent back to the Gus Harrison Correctional Facility. (*See* docket no. 38 ¶4.) Nevertheless, the Court will not address the issue of injunctive relief in this Report and Recommendation because such relief has previously been denied by the district judge and because the Court recommends dismissing Plaintiff's claims in their entirety on other grounds.

task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

**C.     Analysis**

**1.     Claims Against Defendants in Their Official Capacities**

Plaintiff has sued each Defendant in his or her individual and official capacities. Defendants argue that the Eleventh Amendment bars suits for money damages against state employees sued in their official capacities. (Docket no. 26 at 12.) Defendants are correct. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir.2004). To the extent that Plaintiff seeks damages from Defendants that occurred while Defendants were acting in their official capacities those claims are barred by the Eleventh Amendment and should be dismissed.

**2.     Claims Against Defendants in Their Individual Capacities**

Prisoners have a fundamental right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right is derived from the Due Process Clause of the Fourteenth Amendment and the First Amendment right to petition for redress of grievances. *Knop v. Johnson*, 977 F.2d 996, 1002 (6th Cir.1992). A prisoner's access to the courts must be adequate, effective, and meaningful, which means that prison officials must provide prisoners with adequate law libraries or assistance from individuals trained in the law. *Bounds*, 430 U.S. at 822, 828. But this right is limited to claims where the underlying action is a direct criminal appeal, a petition for writ of habeas corpus, or a civil-rights action. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Such claims are divided into two

categories: (1) claims where "official action is presently denying an opportunity to litigate for a class of potential plaintiffs[, but t]he opportunity to litigate has not been lost for all time" (forward-looking claims); and (2) claims in "specific cases that cannot now be tried . . . no matter what official action may be in the future" (backward-looking claims). *Christopher v. Harbury*, 536, U.S. 403, 412-13 (2002). Plaintiff here claims that Defendants have prevented him from filing his petition for writ of habeas corpus and his direct appeal, but he does not allege or show any indication that his opportunity to file his appeal or his petition have been "lost for all time." Thus, Plaintiff's claim is forward looking.[7]

In forward-looking claims, the goal "is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* at 413. To achieve this end, the plaintiff must show that "a nonfrivolous legal claim ha[s] been frustrated or was bring impeded." *Id.* at 415. And the complaint must "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a)" such that it pleads the "underlying cause of action and its lost remedy . . . by allegations . . . sufficient to give fair notice to the defendant." *Id.* at 416, 417-18. To meet this requirement, a plaintiff must show (1) the loss of a nonfrivolous and arguable claim that is "more than a mere hope;" (2) the Defendant's acts that caused the loss of the claim; and (3) a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought."

---

[7]In his Motion Pleading Special Matters, Plaintiff contends that "I have show (sic) prejudice in my Appeal and Writ of Habeas Corpus because I could not send true copy's (sic)" and that "[a] civil suit was dismissed because I could not get true copy's (sic)." (Docket no. 28 ¶¶ 3-4.) The civil suit that Plaintiff refers to appears to be a civil-rights action filed in the U.S. District Court for the Western District of Michigan (No. 12-CV-00211). (*See* docket no. 34 at 43.) Nevertheless, Plaintiff included no allegations related to this civil suit in his Complaint, and his statement of prejudice is a mere conclusory allegation with no indication of how Plaintiff was injured.

7

*Id.* at 415-16; *see also Clark v. Johnston*, 413 Fed. App'x. 804, 816 (6th Cir. 2011).

Defendants argue that "[Plaintiff's] Complaint is silent as to whether he suffered an 'actual injury.'" (Docket no. 26 at 11.) Plaintiff appears to respond to this argument by stating that ""I have show (sic) prejudice in my Appeal and Writ of Habeas Corpus because I could not send true copy's (sic)."[8] (Docket no. 28 ¶ 3.) Plaintiff appears to claim that his Petition relied on a failure of the parole board to determine whether he in fact violated a condition of his parole when the said condition was, in itself, unconstitutional. (*See* docket no. 1 ¶¶ 8, 11-12, 14-21.) But nowhere in his Complaint, his 28 pages of hand-written responsive briefs, or his myriad of exhibits, does Plaintiff elaborate on the basis of his Petition or even so much as indicate the nature of his alleged Appeal. Therefore, while the Court cannot read Plaintiff's Complaint and responsive briefs without appreciating Plaintiff's need to access the courts and the difficulty that he faces as an indigent prisoner, in this matter, Plaintiff has failed to allege any underlying claim that is more than a mere hope, and his Complaint should be dismissed in its entirety.

### D. Conclusion

For the above-stated reasons, the Court recommends granting Defendants Motion for Dismissal (docket no.26). Because the Court recommends doing so, it further recommends denying as moot Plaintiff's outstanding motions (docket nos. 20, 25, 27, 29, 31, 32, 28, 34 and 38). The Court, therefore, recommends dismissing this case in its entirety.

### III. Notice to Parties Regarding Objections

---

[8]Plaintiff's additional responses to Defendants' argument include disconnected legal citations, arguments related to jurisdiction, allegations of other wrongdoing by non-party prison officials, allegations of discrimination and retaliation, allegations of pain and suffering, allegations of misconduct at other prison facilities, and requests for certification of constitutional questions. (*See* docket nos. 28, 34.)

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  October 19, 2012          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Douglas Benedict and Counsel of Record on this date.

Dated:   October 19, 2012         s/ Lisa C. Bartlett
                                  Case Manager

9