UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS BENEDICT,

       Plaintiff,

v.

                                  Case Number: 2:11-CV-14851
                                  Honorable Patrick J. Duggan

DEBORAH L. FOSTER, JEFF DREFKE,
JOHN WOODWARD, JANE DOE, and
JOHN DOE,

       Defendants.
_____/

## OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS; (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (3) GRANTING DEFENDANTS' MOTION TO DISMISS; AND (4) DISMISSING AS MOOT PLAINTIFF'S PENDING MOTIONS

This matter is pending before the Court on a *pro se* civil rights complaint filed by Douglas Benedict ("Plaintiff"). The only claim remaining from Plaintiff's original complaint is his assertion that Defendants violated his right of access to the courts. On May 4, 2012, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). (ECF No. 26.) This matter has been referred to Magistrate Judge Mona K. Majzoub for all pretrial proceedings.

### Magistrate Judge Majzoub's Report and Recommendation

Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") on October 19, 2012, recommending that this Court grant Defendants' motion to dismiss. (ECF. No. 40.) Magistrate Judge Majzoub also recommended that the Court deny as

moot certain motions that Plaintiff filed before the R&R was issued: a "Motion Pleading Special Matters" and a "Motion in Opposition Affidavit." (ECF Nos. 28, 34). Magistrate Judge Majzoub recommends dismissal of Plaintiff's right of access to the courts claim because she concludes that he fails to set forth an actual injury as a result of Defendants' alleged interference with the filing of his appeal and writ of habeas corpus. (ECF No. 40 at 8.) She further recommends dismissal of Plaintiff's claim against Defendants in their official capacities based on Eleventh Amendment immunity. (*Id*. 6.) At the conclusion of the R&R, Magistrate Judge Majzoub informs the parties that they must file any objections to the R&R within fourteen days. (*Id*. at 9.) Plaintiff filed objections on November 13, 2012. He states that he did not timely receive the R&R because it was mailed to him at the wrong facility.

## Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the

2

Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985). General or vague objections do not warrant a district court's review. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995).

## Analysis

Plaintiff's 62-page rambling "answer" to the R&R fails to identify any specific error in Magistrate Judge Majzoub's findings or conclusions. Nowhere in his pleading does Plaintiff identify how Defendants' alleged conduct caused him to suffer actual prejudice to pending or contemplated litigation. *See Harbin–Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Further, while he discusses qualified immunity, he fails to state any objections to the magistrate judge's conclusion that Defendants are entitled to sovereign immunity to the extent they are sued in their official capacities.

For these reasons, and because this Court also finds no allegations of actual prejudice in Plaintiff's pleadings upon *de novo* review, it is adopting Magistrate Judge Majzoub's October 19, 2012 R&R and rejecting Plaintiff's objections. Therefore, the Court **GRANTS** Defendants' motion to dismiss (ECF No. 26) and **DENIES AS MOOT** Plaintiff's "Motion Pleading Special Matters" and a "Motion in Opposition Affidavit." (ECF Nos. 28, 34.) Plaintiff filed two additional motions after the magistrate judge issued the R&R: a motion for discovery and a motion to compel (ECF Nos. 42, 45.) The

Court **DENIES AS MOOT** those motions as well.

    **SO ORDERED**.

Dated: January 2, 2013                          <u>s/PATRICK J. DUGGAN</u>
                                                       UNITED STATES DISTRICT JUDGE

Copies to:

Douglas Martin Benedict, #162211
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, Michigan 49221

AAG Allan J. Soros

Magistrate Judge Mona K. Majzoub