UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS BENEDICT,

      Plaintiff,                                    Case Number: 2:11-CV-14851

      v.                                            Honorable Patrick J. Duggan

DEBORAH L. FOSTER, JEFF DREFKE,
JOHN WOODWARD, JANE DOE, and
JOHN DOE,

      Defendant.
_____/

## ORDER

Plaintiff Douglas Benedict, proceeding pro se, filed his underlying civil rights action against various identified and unidentified defendants on November 3, 2011. In a series of rulings, this Court ultimately disposed of each count in Plaintiff's Complaint. The last of these rulings occurred on January 2, 2013, wherein the Court granted Defendants' motion to dismiss Plaintiff's last remaining claim alleging a denial of access to the courts. In conjunction with the issuance of this Court's January 2, 2013 Opinion and Order, the Court entered judgment in favor of Defendants and against Plaintiff on all counts. Plaintiff appealed.

The United States Court of Appeals for the Sixth Circuit affirmed this Court's dismissal of Plaintiff's Complaint in an unpublished order dated June 28,

2013. *Benedict v. Foster*, No. 13-1203 (6th Cir. Aug. 29, 2013) (unpublished order). A mandate issued on September 23, 2013.

Subsequent to the Sixth Circuit's decision, Plaintiff filed (1) a motion for leave to appeal to the Supreme Court pursuant to Supreme Court Rule 18 (ECF No. 58), accompanied by five separate docket entries labeled either as a continuation of the motion for leave to appeal or simply as documentation (ECF Nos. 59-63), as well as (2) an ex parte motion for leave to file exhibits in the traditional manner (ECF No. 64). These motions, both of which contain multiple requests such as holding the civil rights action in abeyance, requiring Defendants to respond to Plaintiff's requests for admissions, and "reinstate Daniel H. Heyns to this suit and writ of habeas corpus," are presently before the Court.

The Court lacks the power and authority to grant any of Plaintiff's requests as the Sixth Circuit has issued an order affirming the dismissal of Plaintiff's lawsuit as well as a mandate. To the extent Plaintiff asks this Court to accept his filing as a notice of appeal to the Supreme Court pursuant to Supreme Court Rule 18, this the Court cannot do, as the rule only permits a direct appeal to the Supreme Court from a district court when "authorized by law[.]" S. Ct. R. 18(1). In addition to not falling within one of the limited circumstances where a direct appeal from a district court is permitted, Plaintiff already appealed this Court's dismissal to the Sixth Circuit and he is thereby precluded from seeking to

circumvent the Sixth Circuit's order by seeking direct review of this Court's judgment in the Supreme Court.  There are myriad of other reasons why such requested relief is improper, but the Court need not address them all.

In sum, the Court is without jurisdiction to entertain Plaintiff's various requests as Plaintiff's Complaint has been dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to appeal to the Supreme Court (ECF No. 58) and Plaintiff's ex parte motion for leave to file exhibits in the traditional manner (ECF No. 64) are **DENIED**.

Dated: July 23, 2014

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:

**Douglas Benedict**, 162211
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811

**Allan J. Soros, AAG**